### BERRY *v.* BICKFORD.

A town which becomes the purchaser of land sold for taxes, under Gen.
Laws, *c.* 59, *s.* 6, is not estopped to set up the title so acquired by the
fact that for two years after the sale, and before a deed had been given
by the collector, the premises were taxed to the owner, and the taxes
paid by him.

WRIT OF ENTRY.   Trial by the court.   The land in question
was conveyed in mortgage to the Gonic Five Cents Savings Bank,
by one Nutter, February 4, 1869.   February 28, 1874, Nutter's
assignee in bankruptcy quitclaimed it to the bank, and October 10,
1882, the assignee of the bank quitclaimed it to the plaintiff.

The defendant's title was a quitclaim deed of the premises from the town of New Durham, dated March 14, 1882, and the title of the town was through a deed of quitclaim, dated January 14, 1882, from its collector of taxes for 1878. May 31, 1879, the land was duly sold for the taxes of 1878, and was bid off by the town. In 1880, and also in 1881, the land was taxed to the bank, and the bank paid the taxes.

The court ordered judgment for the defendant, and the plaintiff excepted.

*Sanborn & Cochrane,* for the plaintiff.

*R. G. Pike,* for the defendant.

ALLEN, J. The only point raised by the plaintiff in this case is, that the town, by assessing a tax upon the land to the bank, the plaintiff's grantor, and receiving the tax in 1880 and 1881, after it had purchased the land and had a right to a deed, was estopped from denying the title of the bank, and as against that title took nothing from the collector's deed, and conveyed nothing to the defendant.

Although the town had a right to demand and receive a deed at the end of a year from the time of sale, the land was open to redemption by the bank, which had an interest to protect, at any time prior to the reception of a deed from the collector. G. L., *c.* 59, *ss.* 8, 14. The bank had a title to the land as early as 1874, and there is nothing to show it was not the duty of the bank to pay the tax of 1878. The proceedings of the collector in selling the land in 1879 for the unpaid tax of 1878, were matters of public record in the town, and were constructively known to the bank, and the bank had the right and privilege of paying the delinquent taxes, and protecting its title at any time up to January, 1882, when the town took its deed. The fact, that during all the time between the tax sale in May, 1879, and January, 1882, or any part of it, when the land was open to redemption, it was taxed to the bank, whose duty it was to pay the tax, cannot estop the defendant, nor the town under whom the defendant claims, from asserting a title, which the bank might have defeated, but did not take the necessary steps to do. So long as the land was open to redemption, neither the town nor its selectmen could know that the bank would not pay the tax, and make its title sure. Having a right to redeem the land, the bank had such an interest in it that the town, during the existence of such right, might well assess the tax against the bank, and in doing so there would be no estoppel nor waiver of a right on its part to assert a title not before defeated or destroyed by a redemption of the land from a tax sale. The position of the bank, the plaintiff's grantor, was not changed to its injury or disadvantage by anything which the town did. Even if neither the

plaintiff at the time of his purchase, nor the bank at the time of the proceedings in the sale of the land to and by the town, had actual notice of the same, there could be no estoppel against a purchaser at a tax sale, notice of the proceedings as provided by law having been given, and actual notice not having been intentionally or fraudulently withheld. No question is raised by the case upon the effect of want of notice to the bank beyond the bearing of the fact upon the question of estoppel, and that question cannot be affected by want of notice, if the want did not arise, or was not promoted by the fraud of the defendant or the town. It was no fault of the town that the bank was ignorant of the assessment of the tax of 1878, or of the sale of the land for that tax in 1879; nor was it the fault of the town that the bank did not redeem the land and protect its title by paying the tax some time in the two and one half years after the sale and before the deed was taken, and neither the plaintiff, nor his grantor the bank, can now complain if the defendant, and his grantor the town, insist upon asserting a title which they, the plaintiff and the bank, might by reasonable diligence have easily defeated.

The selectmen of the town are public officers, whose duties are defined by law, and the town could not be estopped from claiming title to its land by any wrongful or unauthorized act of its selectmen in assessing a tax upon the land against one not the owner, nor in collecting and receiving the tax. *Rossin* v. *Boston*, 4 Allen 57, 58; *St. Louis* v. *Gorman*, 29 Mo. 593; *Ellsworth* v. *Grand Rapids*, 27 Mich. 280; *McFarlane* v. *Kerr*, 10 Bos. (N. Y.) 249.

*Exceptions overruled.*

BLODGETT, J., did not sit: the others concurred.